UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10582-GAO

KEVIN DAHL,
Petitioner,

v.

BRUCE GELB,
Respondent.

OPINION AND ORDER
March 26, 2015

O'TOOLE, D.J.

Petitioner Kevin Dahl was convicted of first degree murder and assault and battery by means of a dangerous weapon in Massachusetts Superior Court and sentenced to life imprisonment. He appealed directly to the Supreme Judicial Court ("SJC") and also filed a motion for a new trial, arguing, among other things, that he had received ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights. The SJC affirmed the convictions and the trial court's denial of the motion for a new trial. Commonwealth v. Dahl, 724 N.E.2d 300, 310 (Mass. 2000). The petitioner subsequently filed a second motion for a new trial, arguing that an erroneous jury instruction violated his Fifth and Fourteenth Amendment rights. After the trial court denied that motion, the petitioner filed an application for leave to appeal from the denial with the SJC. A Single Justice of the SJC denied the application because it was untimely and failed to present a new and substantial question.

Dahl now seeks habeas relief pursuant to 28 U.S.C. § 2254. Dahl brings three claims in his petition: (1) that trial counsel was ineffective due to a conflict of interest stemming from his simultaneous representation of a defendant in a capital case in Florida; (2) that trial counsel was

ineffective for failing to call two of the petitioner's co-defendants as witnesses and to advise the petitioner to testify in his own defense; and (3) that the trial judge issued incorrect instructions as to voluntary manslaughter in Massachusetts.

## I.     Claim III: Procedural Default

The respondent argues that the third claim raised by the petitioner is procedurally defaulted. In Claim III, the petitioner argues that the jury instruction regarding the elements of voluntary manslaughter was incorrect.

This claim was not raised on direct appeal, though it was obviously available to be raised. The petitioner later addressed this issue in a motion for post-conviction relief submitted to the trial court. When the petitioner sought leave to appeal the trial court's denial of that motion, a Single Justice for the SJC found that the petitioner's jury instruction claim did not constitute a new claim because it had been considered by the SJC in its plenary review of the petitioner's case in 2000. See Dahl, 724 N.E.2d at 302; cf. Commonwealth v. Hurley, 461 N.E.2d 754, 757 (Mass. 1984) (stating that under Mass. Gen. Laws ch. 278, § 33E the SJC reviews the entire case in a capital charge to determine whether there has been an error in justice).

"[A] federal habeas court may not review a state prisoner's claims where a state court has 'declined to address those claims because the prisoner . . . failed to meet a state procedural requirement,' and where this decision 'rests on independent and adequate state procedural grounds.'" Costa v. Hall, 673 F.3d 16, 23 (1st Cir. 2012) (quoting Maples v. Thomas, 132 S. Ct. 912, 922 (2012)); accord Killela v. Hall, 84 F. Supp. 2d 204, 208 (D. Mass. 2000). In Massachusetts, a Single Justice's determination that a claim does not raise a new and substantial question "constitutes a finding of procedural default under state law." Costa, 673 F.3d at 23. Accordingly, the petitioner's claim is barred from federal habeas review absent a showing of

cause for and prejudice from the state court procedural default or a demonstration that failure to consider the claim will result in a miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989).

Cause for a procedural default is demonstrated when the petitioner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Costa, 673 F.3d at 25 (internal citation and quotations marks omitted). The petitioner makes no attempt to excuse his procedural default. In any event, it also appears that trial counsel objected to the jury instruction at trial and that Dahl had a full opportunity to address this issue on appeal. Further, even if the petitioner could show cause for the procedural default, he could not show prejudice: the SJC reviewed the entire record under its plenary power and thus reviewed the erroneous jury instruction. The miscarriage of justice exception is also inapplicable. The miscarriage of justice exception "is a narrow exception . . . seldom to be used, and explicitly tied to a showing of actual innocence." Burks v. Dubois, 55 F.3d 712, 717 (1st Cir. 1995). Finally, as the Single Justice noted, the petitioner's main defense at trial was one of misidentification, not that the elements of the crime had not been proven. There is no probability that a reasonable jury would not have convicted the petitioner but for the erroneous jury instruction regarding the elements of voluntary manslaughter. See id. at 718. The claim is procedurally defaulted and cannot provide a basis for habeas relief.

## II.    Claims I and II: Merits

### A.    Standard of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petition will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the decision was (1) "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The petitioner's ineffective assistance claims are mixed questions of law and fact and are thus evaluated under the "unreasonable application of" portion of § 2254(d). Yeboah-Sefah v. Ficco, 556 F.3d 53, 70 (1st Cir. 2009).

### B. Claim I: Conflict of Interest

The petitioner first argues that his defense counsel was ineffective due to a conflict of interest stemming from defense counsel's simultaneous representation of an unrelated client on a capital murder charge in Florida. To show ineffective assistance of counsel under Strickland v. Washington, the petitioner must show that (1) defense "counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688, 694 (1984). On a habeas petition, the task before this Court is not to apply the Strickland test in the first instance but instead to determine whether the SJC's application of the test was "unreasonable."[1] Harrington v. Richter, 562 U.S. 86, 785 (2011) ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable.").

---

[1] The SJC analyzed the petitioner's claim under the Massachusetts Declaration of Rights, and thus applied the state equivalent of Strickland. See Dahl, 724 N.E.2d at 303-04 (stating that the Massachusetts ineffective assistance of counsel standard is "more rigorous than its equivalent under the United States Constitution and is, therefore, more favorable to the defendant"). The Massachusetts standard is more favorable to defendants because it does not require a showing of prejudice upon a finding of an actual conflict of interest and the Strickland standard is therefore presumed to be "subsumed within the state law adjudication." Teti v. Bender, 507 F.3d 50, 56 (1st Cir. 2007) (internal citation and quotation marks omitted).

The petitioner argues that trial counsel had an actual conflict of interest and that he therefore does not need to establish the second part of the Strickland test. See Teti v. Bender, 507 F.3d 50, 55 (1st Cir. 2007) (stating that prejudice is presumed where counsel's performance is adversely affected because of active representation of conflicting interests). However, the Supreme Court has stated that an actual conflict arises only in limited circumstances, such as where counsel represents co-defendants with conflicting interests. See Mickens v. Taylor, 535 U.S. 162, 168 (2002). Here, trial counsel was representing an unrelated party in an unrelated case. The SJC concluded that to find an actual conflict of interest here would require accepting the proposition "'that virtually all busy defense attorneys . . . who have more than one client and schedule matters based on clients' needs, are inherently incapable of providing an adequate defense that would satisfy the requirements of the Constitution.'" Dahl, 724 N.E.2d at 304 (quoting United States v. Zackson, 6 F.3d 911, 921 (2d Cir. 1993)). That is a reasonable analysis. Dahl's argument is not that there was a substantive conflict of interest, but rather that the attorney's representation of the other client distracted him from aggressively representing Dahl. That is not an *actual* conflict under the decided cases.

Alternatively, the petitioner argues that trial counsel's simultaneous representation of the two unrelated defendants created a *potential* conflict of interest that satisfies the prejudice requirement of Strickland. He claims that, but for counsel's competing obligations, trial counsel would have affirmatively advised the petitioner to take the stand in his own defense and thus have elicited evidence promised in his opening statement. In denying this claim, the SJC explained that "trial counsel spoke with [petitioner] several times before and during the trial regarding whether he would testify." Dahl, 724 N.E.2d at 303. Further, Dahl acknowledges that

5

defense counsel informed him that it was his constitutional right to testify in his own defense. There was no dereliction in that.

      C.      Claim II: Ineffective Assistance of Counsel

The petitioner next argues that he was provided ineffective assistance of counsel because trial counsel failed to properly advise him of his right to testify and failed to interview and call two co-defendants to the stand. The SJC reviewed these claims under the standard articulated in Commonwealth v. Wright, 584 N.E.2d 621 (Mass. 1992). This standard queries "whether there was an error in the course of the trial (by defense counsel, the prosecutor, or the judge) and, if there was, whether that error was likely to have influenced the jury's conclusion." Id. at 624. This standard is more favorable to the petitioner than the Strickland test. Id.

As discussed herein, the SJC reasonably found that the petitioner had been properly advised of his right to testify. Although the First Circuit has held that the *failure to advise* a client of his right to testify is "constitutionally deficient," Owens v. United States, 483 F.3d 48, 58 (1st Cir. 2007), that did not occur here. The petitioner was advised of his right to testify on multiple occasions, and the SJC reasonably found that the petitioner understood his right.

The SJC also reasonably found that defense counsel's decision not to interview and call two co-defendants to the stand did not rise to the level of ineffective assistance of counsel. "The decision whether to call a particular witness is almost always strategic, requiring a balance of the benefits and risks of the anticipated testimony." Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993). Similarly, the choice to interview certain witnesses "must be evaluated in light of whatever trial strategy reasonably competent counsel devised in the context of the particular case." Id. at 55. Here, trial counsel was aware of the facts admitted to in the co-defendants' plea colloquies, specifically that the petitioner had been the one to strike the victim and stab him

6

repeatedly. See Dahl, 724 N.E.2d at 307. This testimony directly contradicted the petitioner's primary defense. Based on these facts, it was reasonable for the SJC to find that defense counsel made a reasonable tactical decision in choosing not to interview or call the co-defendants as witnesses.

## III. Conclusion

For the reasons set forth herein, the petition for habeas relief pursuant to 28 U.S.C. § 2254 (dkt. no. 1) is DENIED.

Because the petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge